**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

RAPHA MINISTRIES,           )
          )
    Plaintiff,           )
          )
    vs.           )        Case No. 4:26-cv-00806-MTS
          )
LIBERTY MUTUAL INSURANCE           )
COMPANY,           )
          )
    Defendant.           )

**MEMORANDUM AND ORDER**

Defendant Liberty Mutual Insurance Company removed this action from the Circuit Court of the City of St. Louis, the Twenty-Second Judicial Circuit of Missouri.  Doc. [1]; *see also* 28 U.S.C. § 1441(a).  Attorney "Samuel Henderson on behalf of Plaintiff Rapha Ministries" filed a Notice with this Court stating that it lacks subject-matter jurisdiction.  Doc. [9].  To this Notice, he attached a "Motion Opposing Removal," Doc. [9-2], and informed this Court that he "intends to argue his motion before the State Court because the State Court still retains jurisdiction." Doc. [9].  Attorney Henderson's legal contention that the State court "still retains jurisdiction" over this matter is flat-out wrong.

Once a removing party files "a copy of the notice [of removal] with the clerk of [the] State court," the "State court shall proceed no further unless and until the case is remanded." 28 U.S.C. § 1446(d).  *See also* Doc. [8-1] (Defendant's state-court-file-stamped Notice of Filing Notice of Removal).  Since the nineteenth century, the Supreme Court has recognized that a "state court 'los[es] all jurisdiction over the case'" after removal.  *See Roman Cath. Archdiocese of San Juan, P.R. v. Acevedo Feliciano*, 589 U.S. 57, 63–64 (2020) (quoting *Kern v. Huidekoper*, 103 U.S. 485, 493 (1881)).  Any subsequent proceedings in the state court prior

to remand are "absolutely void."  *Id.*; *accord Beery v. Chicago, R.I. & P.R. Co.*, 64 Mo. 533, 534–35 (1877) ("[T]he State Court could proceed no further with the cause, and any attempt in that direction was *coram non judice*.").  "If issues of fact arise upon the averments of the petition for removal, the jurisdiction to try them is in the federal court, and not in the state court."  *Boatmen's Bank of St. Louis v. Fritzlen*, 135 F. 650, 653 (8th Cir. 1905) (joined by Van Devanter, J.).

With this well-settled legal principle in mind, the Court will construe Attorney Henderson's "Notice to the Federal Court Regarding Having No Diversity Jurisdiction," Doc. [9], as Plaintiff's Motion for Remand and deny the Motion without prejudice.  Plaintiff shall file a proper Motion in this Court that complies with the Court's Local Rules and applies the correct legal standard to the issue at hand.  *See* E.D. Mo. L.R. 4.01(A) (requiring a moving party to file "with each motion a memorandum in support of the motion, including any relevant argument and citations to any authorities on which the party relies"); 28 U.S.C. § 1447 (setting forth the applicable procedure following removal from state court); *see also Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87–89 (2014) (explaining the pleading and evidentiary standards for establishing the amount in controversy on removal).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Remand, Doc. [9], is **DENIED** without prejudice.

Dated this 28th day of May 2026.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE

- 2 -