**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| RAPHA MINISTRIES,<br><br>Plaintiff,<br><br>vs.<br><br>LIBERTY MUTUAL INSURANCE COMPANY,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 4:26-cv-00806-MTS |

**MEMORANDUM AND ORDER**

Before this Court is Plaintiff Rapha Ministries' ("Plaintiff") Unopposed Motion to Remand this Case to state court. Doc. [20]. Plaintiff claims that remand is proper because Plaintiff's "Stipulation," Doc. [19], establishes that the amount in controversy requirement of 28 U.S.C. § 1332(a) is not met. However, because Plaintiff's "Stipulation" is not a stipulation at all, but an amendment, this Court will deny Plaintiff's Motion.

## I. Statement of Facts

Plaintiff brought this suit on March 29, 2026, in Missouri state court, seeking damages over Defendant Liberty Mutual Insurance Company's ("Defendant") refusal to pay for repairs to Plaintiff's church. Doc. [1-1] ¶¶ 6–23. The Petition stated that Plaintiff sustained damages "in an amount of at least $70,000.00," *id.* ¶ 40, but it also stated that the case's "amount of controversy does not exceed" $75,000, *id.* ¶ 5. For good measure, it added that "this case is ineligible for removal to the federal court on diversity of citizenship." *Id.*

On May 21, 2026, Defendant removed the case to this Court pursuant to 28 U.S.C. §§ 1332 and 1446. Doc. [1] at 1. Defendant's Notice of Removal detailed why the amount in controversy exceeded $75,000, notwithstanding Plaintiff's self-serving statement to the contrary. *Id.* ¶¶ 17–

25; *see Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009) (citing *In re Minn. Mut. Life Ins. Co. Sales Pracs. Litig.*, 346 F.3d 830, 834 (8th Cir. 2003)). Plaintiff responded on May 27, 2026, by filing a "Notice" with this Court. Doc. [9]. In the Notice, Plaintiff claimed that this Court lacked subject matter jurisdiction, and that Plaintiff's attorney would argue as much before the state court. *Id.* at 1. The Court construed this Notice as a Motion to Remand the case to state court, which the Court then denied. Doc. [10] (2026 WL 1492724).

During a subsequent proceeding on August 25, 2026, Plaintiff expressed willingness to file a binding stipulation stating that it would not seek any damages in excess of $75,000; Defendant did not object. Doc. [18]. Plaintiff filed the "Stipulation," Doc. [19], and now seeks a remand based on the "Stipulation." Doc. [20] at 4.

## II. Legal Standard

Federal courts are courts of limited jurisdiction; a federal court must have subject matter jurisdiction over every case before it. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Federal courts measure subject matter jurisdiction "either at the time the action is commenced or . . . at the time of removal," and once a federal court determines that it has subject matter jurisdiction, that court has a "virtually unflagging obligation" to exercise it. *Schubert v. Auto Owners Ins. Co.*, 649 F.3d 817, 822 (8th Cir. 2011) (citing *McLain v. Andersen Corp.*, 567 F.3d 956, 965 (8th Cir. 2009)); *Mata v. Lynch*, 576 U.S. 143, 150 (2015) (quoting *Colo. River Water Conser. Dist. v. United States*, 424 U.S. 800, 817 (1976)). Therefore, federal courts cannot remand a case merely because both parties consent to it; the parties must show that the court lacks jurisdiction. *See Lawrence v. Fairfield Processing Corp.*, 4:22-cv-0985-SRC, 2022 WL 10423622 at *1 (E.D. Mo. Oct. 18, 2022) (refusing to remand a case to state court even when both parties to the case consented).

The type of subject matter jurisdiction at issue in this case is diversity jurisdiction under 28 U.S.C. § 1332(a). Section 1332(a) provides federal district courts with jurisdiction over any case in which (1) complete diversity of citizenship exists between the parties, and (2) the amount in controversy exceeds $75,000. *Id.* If the parties contest the amount in controversy, a court must determine that the amount exceeds $75,000 by a preponderance of the evidence. 28 U.S.C. § 1446(c)(2)(B).

Missouri law forbids plaintiffs from including specific dollar amounts in prayers for relief except to determine the jurisdictional authority of Missouri courts, which differs from federal law. *See* Mo. Rev. Stat. § 509.050.1(2) (2026). Therefore, in the wake of removal a plaintiff can file a "clarification" stating that they do not seek more than $75,000 in damages, and a district court may use the clarification as a basis for remand. *See Burmeister v. Liberty Mut. Ins. Co.*, 4:25-cv-0998-MTS, 2025 WL 2299467, at *1 (E.D. Mo. Aug. 8, 2025); *Keithly v. Mocadlo*, 4:16-cv-1892-JMB, 2017 WL 1426020 at *3 (E.D. Mo. Apr. 21, 2017); *McGuire v. J.B. Hunt Transp., Inc.*, 4:10-cv-0746-MLM, 2010 WL 2399550 at *3–*4 (E.D. Mo. Jun. 10, 2010). But since subject matter jurisdiction is measured at the time of removal, a court cannot consider amendments in determining subject matter jurisdiction, at least as far as the amount in controversy is concerned. *See Keithly*, 2017 WL 1426020 at *3.[1]

*Keithly* is emblematic of the danger Plaintiff faces here. In *Keithly*, plaintiff Michael Keithly filed suit against defendant Lindsey Mocadlo in state court, and Mocadlo removed the case to federal court on diversity grounds. 2017 WL 1426020 at *1. Keithly filed a motion to remand

[1] The Supreme Court recognized in *Royal Canin U.S.A., Inc. v. Wullschleger* that a federal court can consider amendments when "an amendment excises the federal-law claims that enabled removal," but that principle does not apply in this case. 604 U.S. 22, 25–26 (2025). Moreover, the Court clarified in a footnote that "[i]n both original and removed cases, an amendment reducing the alleged amount in-controversy to below the statutory threshold . . . will usually not destroy diversity jurisdiction." *Id.* at 38 n.8; *accord Wullschleger v. Royal Canin U.S.A., Inc.*, 75 F.4th 918, 923 (8th Cir. 2023).

for lack of subject matter jurisdiction, which the court denied. *Id.* at *2. In response, Keithly filed a "Stipulation" stating that he would not seek more than $75,000 and thereafter filed a second Motion to Remand. *Id.* at *2–*3. Keithly argued that this "Stipulation" was a permitted clarification of his initial complaint, but the court disagreed because Keithly had already filed a motion to dismiss on subject matter jurisdiction grounds, and the court had already denied it. *Id.* at *3. Since the court already decided the issue, any attempted "clarifications" on Keithly's part were, in fact, amendments. *Id.*

**III. Discussion**

Plaintiff's statement in his Petition that the amount in controversy was not met is of no benefit to him because it was in no way a binding stipulation "that he would not seek" more than $75,000. *See Bell*, 557 F.3d at 958; *accord In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992) (per curiam) ("Litigants who want to prevent removal must file a binding stipulation or affidavit with their complaints[.]"); *cf. Oldham's Farm Sausage Co. v. Salco, Inc.*, 633 S.W.2d 177, 183–84 (Mo. Ct. App. 1982) (affirming damages award exceeding amount demanded in petition where evidence supported higher award). Plaintiff's post-removal filing therefore did not clarify his pleading; it sought to amend it. *See McGuire*, 2010 WL 2399550 at *3–*4. This Court cannot consider Plaintiff's "Stipulation" in determining subject matter jurisdiction.

The facts of this case strongly resemble *Keithly*. Like in *Keithly*, Plaintiff filed a "Notice," Doc. [9], contesting subject matter jurisdiction shortly after removal. 2017 WL 1426020 at *2. While Plaintiff did not structure its filing as a Motion to Remand, the Court construed it as such and denied it. Doc. [10] at 2. By denying the Motion, the Court necessarily determined that subject matter jurisdiction existed over the case. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). However,

like in *Keithly*, Plaintiff now seeks to clarify his Complaint after the Court already ruled on it. 2017 WL 1426020 at *2–*3; Docs. [10], [19]. This Court reads Plaintiff's "Stipulation" for what it is: an amendment.

Because Plaintiff's "Stipulation" is an amendment, not a clarification, this Court cannot consider it in determining subject matter jurisdiction. Therefore, there is nothing new for the Court to consider in determining whether subject matter jurisdiction exists, and the Court will not disturb the previous finding of jurisdiction over this case.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand, Doc. [20], is **DENIED**.

Dated this 19th day of October 2026.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE